UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kari Raspanti, <br><br>          Plaintiff(s), <br><br>     v. <br><br> Jones Day <br> Unum <br><br>          Defendant(s). | Case Number: 1:22-CV-03610 <br><br> Honorable Judge Nancy L. Maldonado |

### JONES DAY'S ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT

Jones Day, pursuant to Federal Rules of Civil Procedure 8 and 12, submits the following Answers and Defenses to the Complaint filed by Kari Raspanti.

1. This is an action for employment discrimination.

**ANSWER:** Jones Day admits that Plaintiff purports to bring an action for employment discrimination. Jones Day denies that any of Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief or damages whatsoever.

2. The plaintiff is Kari Raspanti of the county of Cook in the state of Illinois.

**ANSWER:** Jones Day admits that the Plaintiff in this case is Kari Raspanti but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's county and state and therefore denies them.

3. The defendant is Jones Day, Unum, whose street address is 77 W. Wacker Drive, (city) Chicago (county) Cook (state) Illinois (ZIP) 60601
(Defendant's telephone number)  (312) – 782-3939

**ANSWER:** Jones Day admits that Plaintiff named it as one of the defendants in this case. Jones Day admits that the telephone number for its Chicago office is 312-782-3939. Jones Day denies all remaining allegations in Paragraph 3.

**4.** The plaintiff sought employment or was employed by the defendant at (street address) 77 W. Wacker Drive (city) Chicago (county) Cook (state) Illinois (ZIP code) 60601

**ANSWER:** Jones Day admits that Plaintiff was an employee of Jones Day and that Plaintiff worked at Jones Day's former Chicago office at 77 W. Wacker Drive, Chicago, Illinois 60601.

**5.** The plaintiff [*check one box*]

 (a) ☐ was denied employment by the defendant.

 (b) ☐ was hired and is still employed by the defendant.

 (c) ☑ was employed but is no longer employed by the defendant.

**ANSWER:** Jones Day admits that Plaintiff was an employee of Jones Day and is no longer employed by Jones Day.

**6.** The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) June, (day) 17, (year) 2019.

**ANSWER:** Jones Day denies the allegations in Paragraph 6.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

 (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

  (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) December (day) 2 (year) 2019.

  (ii) ☑ the Illinois Department of Human Rights, on or about (month) December (day) 2 (year) 2019.

 (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** Jones Day admits that it is not a federal governmental agency, and admits that Plaintiff filed a charge against Jones Day with the Illinois Department of Human Rights on or about

December 2, 2019. Jones Day further admits that a copy of the charge was attached to the Complaint filed in this case. To the extent an answer is necessary for any other allegation in Paragraph 7.1, Jones Day lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**8.** *(Complete paragraph 8 only if defendant is not a federal government agency.)*

    (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

    (b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) April (day) 11 (year) 2022 a copy of which *Notice* is attached to this complaint.

**ANSWER:** Jones Day admits that the United States Equal Employment Opportunity Commission issued a Determination and Notice of Rights letter and that a copy of the Determination and Notice of Rights letter was attached to the Complaint filed in this case. Jones Day denies all other allegations in Paragraph 8.

**9.** The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) ☐ Age (Age Discrimination Employment Act).

    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Right Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Right Act of 1964)

**ANSWER:** Jones Day denies the allegations in Paragraph 9.

**10.** If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** Jones Day denies that it is a state, county, municipal (city, town or village) or other local governmental agency, and denies all remaining allegations in Paragraph 10.

**11.** Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA; 29 U.S.C. § 626(c).

**ANSWER:** Jones Day admits that federal jurisdiction arises under the ADA. Jones Day denies Plaintiff seeks to invoke jurisdiction pursuant to any other section and further denies any remaining allegations in Paragraph 11.

**12.** The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☑ terminated the plaintiff's employment

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ failed to stop harassment;

    (g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify): _____

_____

_____

_____

_____

**ANSWER:** Jones Day admits that it terminated Plaintiff's employment with Jones Day but denies any violation of law and further denies all remaining allegations in Paragraph 12.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

> The plaintiff is a disabled person. The defendant was aware of her disabilities (Breast Cancer, Major Depression Disorder, Panic Disorder and Anxiety Disorder). Defendant terminate the plaintiff's employment and failed to reasonably accommodate the plaintiff's disabilities. The plaintiff was hired by Jones Day on 10/3/2007 as a Practice Coordinator. Unum is Jones Day's administrator for disability and FMLA benefits. On June 17, 2019, the defendant denied the plaintiff's request for a reasonable accommodation for a further leave of absence due to her disabilities, was denied Long Term Disability ("LTD") and was discharged on July 11, 2019. The Plaintiff did not exhaust all available leave on the date of request (or date of termination). The defendant Jones Day states it had no knowledge of plaintiff's disabilities and her request for accommodation but this is untrue. The plaintiff can provide specific evidence to show this. The defendant Unum informed plaintiff on June 16, 2020, a year after her termination, that Jones Day specifically denied the LTD benefits for plaintiff via a telephone call to Unum on July 13, 2019. Jones Day states it has nothing to do with Unum. Unum contacted the plaintiff on Feb. 10, 2020, after a charge of discrimination was filed with the IDHR and the EEOC and informed plaintiff that her claim was never given to her (Unum Rep. Karie Bell) and it "fell through the cracks." At that time, Unum said the plaintiff was eligible for LTD at the time of her request originally to Jones Day. Plaintiff provided all necessary supporting medical documents to Unum all throughout the time in question, before that and after showing the plaintiff's disabilities. Jones Day knew of the plaintiff's disabilities yet failed to accommodate and terminated her employment.

**ANSWER:** Jones Day admits that it hired Plaintiff on or about October 2007 and that it terminated Plaintiff's employment effective July 11, 2019. Jones Day further admits that Unum is the insurance carrier who administers Jones Day's self-insured short term disability and insured long-term disability plans. Jones Day lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged communications with Unum and therefore denies them. Jones Day denies all of the remaining allegations in Paragraph 13.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** To the extent an answer is necessary, Jones Day denies the allegations in Paragraph 14.

**15.** The plaintiff demands that the case be tried by a jury. ☐ Yes ☒ No

**ANSWER:** Jones Day admits that Plaintiff has not demanded a jury trial.

**16.** THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

_____

    (g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    (h) ☒ Grant such other relief as the Court may find appropriate.

**ANSWER:** Jones Day denies that Plaintiff is entitled to the relief asked for in Paragraph 16, denies that Plaintiff is entitled to any relief whatsoever in this action, and denies all remaining allegations in Paragraph 16.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing responses to the particular allegations of the Complaint, and without conceding that it bears the burden of proof as to any issue, Jones Day assets the following

affirmative and other defenses to Plaintiff's Complaint:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent that she seeks remedies beyond those provided for in the Americans with Disabilities Act or any other federal, state, and/or local statute prohibiting employment discrimination.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or are otherwise untimely.

4. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, latches, settlement, accord and satisfaction, set-off, and/or ratification.

5. Plaintiff's claims are barred to the extent Plaintiff failed to exhaust internal remedies.

6. Plaintiff's claims should be dismissed to the extent that they are beyond the scope of the underlying charge(s) of discrimination.

7. Jones Day has and has had, at all relevant times, internal policies that set forth the procedure to be followed if an employee believes he or she has been discriminated or retaliated against and Jones Day provided other opportunities to prevent or correct such conduct. To the extent Plaintiff failed to utilize such procedures, Plaintiff's claims are barred.

8. Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, or exceptions under the Americans with Disabilities Act, or any other federal, state, and/or local statute prohibiting employment discrimination.

NAI-1534360306v1

9. Jones Day acted in good faith and with reasonable grounds for believing that it was not in violation of the Americans with Disabilities Act, or any other federal, state, and/or local statute prohibiting employment discrimination.

10. No act or omission of Jones Day alleged to have violated the law was willful, knowing, or in reckless disregard of the provisions of the applicable law.

11. Jones Day expressly denies that Plaintiff's alleged disabilities or any other impermissible factor played any role in the employment decisions made and/or actions taken regarding Plaintiff. To the extent that Jones Day is found to have been motivated by impermissible criteria, Jones Day asserts that all employment decisions in this action would have occurred even in the absence of such impermissible criteria.

12. Jones Day is not liable for the acts and/or omissions committed by its employees or agents who were not acting within the scope of their employment.

13. Jones Day is not liable for the acts and/or omissions of Unum.

14. Plaintiff is not entitled to relief under the Americans with Disabilities Act, or any other federal, state, and/or local statute prohibiting employment discrimination to the extent that she is not a qualified individual, with or without a reasonable accommodation.

15. Plaintiff is not entitled to relief under the Americans with Disabilities Act, or any other federal, state, and/or local statute prohibiting employment discrimination to the extent that she failed to notify Jones Day of her disability and/or failed to engage in the interactive process.

16. Plaintiff's claims are barred to the extent that Jones Day has or discovers evidence after-the-fact which amounts to independent grounds to terminate Plaintiff's employment.

17. Plaintiff is not entitled to punitive damages under the Americans with Disabilities Act, or any other federal, state, and/or local statute prohibiting employment discrimination.

NAI-1534360306v1

18. To the extent that Plaintiff is entitled to damages, Plaintiff has failed to mitigate her damages.

Jones Day reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend the answer to assert such additional defenses.

WHEREFORE, having fully answered Plaintiff's Complaint of Employment Discrimination, and denied any and all unlawful conduct alleged by Plaintiff, Jones Day hereby requests that the Complaint be dismissed in its entirety with prejudice; that Plaintiff take nothing by way of the Complaint; that Jones Day be awarded costs and attorneys' fees incurred herein as appropriate; and that Jones Day be awarded such further relief as the Court deems just and proper.

Dated: November 28, 2022   Respectfully submitted,

By: */s/* Efrat R. Schulman
Efrat R. Schulman (6280999)
eschulman@jonesday.com

JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

Attorneys for Jones Day

## CERTIFICATE OF SERVICE

    I hereby certify that, on November 28, 2022, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

                                                                                                                      */s/* Efrat R. Schulman
                                                                                                              Attorney for Defendant Jones Day